# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA CHRISTINA GANAC and<br>JOHNNY PARANA,<br>　　　　　　Plaintiffs,<br>　vs.<br>LEANDER HOLSTON, Office-in-Charge,<br>U.S. Citizenship and Immigration Services,<br>Las Vegas District Sub-Office, *et al.*,<br>　　　　　　Defendants. | Case No.: 2:12-cv-00630-GMN-VCF<br><br>**ORDER** |

Before the Court is the Motion to Dismiss (ECF No. 10) filed by Defendants. Plaintiffs have failed to file a Response to the Motion to Dismiss. For the reasons that follow, the Court GRANTS Defendants Motion to Dismiss and Plaintiffs' Complaint is hereby dismissed.

## I.     BACKGROUND

Plaintiffs Maria Christina Questin Ganac and Johnny Cuyos Parana originally filed this lawsuit on April 16, 2012, seeking a Petition for Writ of Mandamus. (Compl., ECF No. 1.) Plaintiffs' Complaint challenges Defendants' refusal to reconsider the denial of Plaintiffs' immigrant visa petition. (*Id.* ¶ 2.) of the Department of Homeland Security, (DHS), U.S. Citizenship and Immigration Services, (CIS)

On October 16, 2012, Defendants filed a Motion to Dismiss. (ECF No. 10.) Pursuant to Local Rule 7-2(b) of the Local Rules of Practice of the United States District

1  Court for the District of Nevada, Plaintiffs had fourteen days after service of the Motion
2  to file a Response.  Accordingly, Plaintiffs had until October 30, 3012, to file a Response.
3  Not only did Plaintiffs fail to meet this deadline, Plaintiffs have failed to file any
4  Response at all.

**II.   DISCUSSION**

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiffs' failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiffs' Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiffs because it is not clear that this case was likely to be decided on the merits.  Defendants filed this motion nearly nine months ago, yet Plaintiffs have failed to file an opposition.  Furthermore, Plaintiffs have also failed to take any subsequent action since the Motion to Dismiss was filed.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

### III.  CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is **GRANTED**.  Plaintiffs' Complaint is **DISMISSED without prejudice**.  The clerk shall enter judgment accordingly.

DATED this 8th day of July, 2013.

_____
Gloria M. Navarro
United States District Judge